IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEANNINE ARPIN, as Administrator
of the Estate of RONALD ARPIN,
Deceased,

    Plaintiff,

vs.                                      No. 04-CV-128-DRH

THE UNITED STATES OF AMERICA,
ST. LOUIS UNIVERSITY,
a not-for-profit corporation,

    Defendants.

## MEMORANDUM AND ORDER

**Herndon, District Judge:**

        The Court being very close to finishing its Memorandum and Order setting out his Findings of Fact and Conclusions of Law, realized that he had not yet issued a ruling on the objections that were made by Defendant United States of America ("USA") during the bench trial in the above matter and taken under advisement. During the trial, at the time the plaintiff presented the depositions of Dr. Pollock for the Court's consideration, the USA posed objections to certain portions of the testimony and asked that they be stricken as not within the scope of Dr. Pollock's report rendered pursuant to **Federal Rule of Civil Procedure 26**, specifically paragraph 10 of that report. Prior to announcing what will become the final decision of the Court, he made notations of the rulings on the front cover of the Pollock deposition, intending to do a formal order. Although the Court found very

1

little credible in the testimony of the government's expert witness, while beginning to read it today to see if there was something that should be included in the Findings of Fact, the Court noted Plaintiff's "good for the goose, good for the gander" objections to much of the opinions testified to by Dr. Camins, which the Court also took under advisement.  That caused the Court to search for Dr. Camins' report, which he was unable to find, and it is not listed on the exhibit log, leading the Court to believe he was not provided with one.  So, the Court determined he better issue this order to formally rule on the government's objections and advise the United States to supply the Court with Dr. Camins' report, in chambers, to rule on the plaintiff's goose/gander objection (unless plaintiff wishes to withdraw it).

Paragraph 10, of Dr. Pollock's report, states:  "Dr. Haynes was also negligent in not supervising a resident in training.  The ***assumption*** that Dr. Kahn's history, physical examination and conclusions were complete and accurate was clearly incorrect.  Having taught and supervised medical students, interns and residents for almost 30 years, it is quite apparent to me that the attending must at least take his own history and make an effort to examine the patient himself to either confirm or modify the resident's findings.  The resident benefits from the attending's greater expertise and experience, and the attending can correct serious errors or omissions on the part of an inexperienced house officer."  (Highlight in the original.)

All of the government's objections pertain to the September 15, 2006 deposition of Dr. Pollock.  The government objected to page 17, lines 8 to 17.  This question goes to the ultimate issue of the doctor's violation of a standard of care,

which is precisely what is discussed in paragraph 10.  Though Dr. Pollock may not use the magic words "standard of care," it is clear to any legally educated reader that is exactly what he is talking about.  The objection is overruled.

        The government objected to page 19, line 23 to page 20, line 20.  Here the doctor is specifically talking about the lack of supervision which is the subject of paragraph 10 and what the result of that lack of supervision is.  It is the natural progression of things and is discussed in paragraph's 11 and 12 of the report.  The objection is overruled.

        The government objects to page 28, lines 14 to 19.  Here the doctor is being flip, tries to use a legal term, *res ipsa loquitor*, which, in this context, the Court takes to mean his answer is simply that it is common sense.  The question is not particularly responsive, but that is not the government's objection.  It is not necessarily inconsistent with the report either since the need for a preceptor to supervise his student/resident is common sense and supervision is the subject of paragraph 10. The objection is overruled. The government objected to page 28, lines 20 to 25.  This again goes to the concept of a preceptor supervising his student/resident, because Dr. Pollock is expressing the opinion that Dr. Haynes must go in and talk to the patient otherwise he has no idea if there is any accuracy in what Dr. Kahn tells him about her examination of the patient.  This certainly is an aspect of supervision covered by paragraph 10 and 12.  The objection is overruled.

        The government objected to page 33, lines 20 to 24.  Here Dr. Pollock is responding to something that is in the report of the government's expert's

disclosure, therefore it is rebuttal and doesn't have to be, nor can it possibly be in his disclosure. The objection is overruled. The government objected to page 40, lines 9 to 13. Once again he is responding to an opinion given by Dr. Camins, so this cannot possibly appear in his disclosure, it is rebuttal and occurs after his disclosure. The objection is overruled.

The government objected to page 105, line 15 to page 110, line 9. First of all, these are questions elicited by Mr. Richards the attorney for Dr. Kahn, not Plaintiff's counsel. That alone is reason enough to overrule the government's objection. Secondly, they still are questions that fall with the scope of the doctor's disclosure as they go the subject of supervision and the result of the lack of proper supervision, covered by paragraphs 10 through 12. The objection is overruled.

Therefore, all of the government's objections are **OVERRULED.** During the trial testimony of Dr. Camins, who appeared live, Plaintiff's attorney objected to the assertion of a certain opinion as beyond the scope of the doctor's Rule 26 report. However, the Court has not located a copy of that report and does not believe he was provided with one. The government is hereby **DIRECTED** to send a copy to the Court directly to chambers.

**IT IS SO ORDERED**.

Signed this 1st day of November, 2006.

/s/    David    RHerndon
**United State District Judge**